United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40681
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUADALUPE FERNANDEZ-PENA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-10-1
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Guadalupe Fernandez-Pena ("Fernandez") appeals his sentence
following a guilty plea to one count of transportation of an
unlawful alien, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and
(a)(1)(B)(ii).  Fernandez argues that the district court
erroneously determined his guidelines offense level by holding
him accountable under relevant conduct for the transportation of
additional aliens approximately 20 months before the offense of
conviction.  He asserts that this conduct was too remote and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

insufficiently similar to the offense of conviction to constitute relevant conduct.

The 20-month gap between the conduct at issue is not automatically too remote for consideration as relevant conduct. See United States v. Miller, 179 F.3d 961, 967 n.10 (5th Cir. 1999). In both the offense of conviction and the prior conduct, Fernandez, accompanied by a resident alien, transported a similar number of illegal aliens in the back of a van from in or near Falfurrias, Texas, and he was heading, inter alia, to Houston. Fernandez was to be paid for his efforts, and in both instances at least some of the aliens were housed at a motel prior to transportation. Both cases involved a similar modus operandi, and in light of the similarity of the offenses, the district court did not clearly err in including the prior conduct as relevant conduct. See United States v. Anderson, 174 F.3d 515, 527 (5th Cir. 1999); U.S.S.G. § 1B1.3(a)(2).

Fernandez also argues for the first time on appeal that his sentence must be vacated because the district court's factual findings on relevant conduct violated United States v. Booker, 125 S. Ct. 738 (2005), and Blakely v. Washington, 124 S. Ct. 2531 (2004). Because Fernandez did not object in the district court on the same ground that he raises on appeal our review is for plain error. See United States v. Krout, 66 F.3d 1420, 1434 (5th Cir. 1995); United States v. Cabral-Castillo, 35 F.3d 182, 188-89 (5th Cir. 1994). Fernandez has shown a clear or obvious error.

However, because there is no indication in the record from the district court's remarks or otherwise that indicates whether the district court would have reached a different conclusion, Fernandez cannot meet his burden of showing that the result would have likely been different had the district court been sentencing under the <u>Booker</u> advisory scheme rather than the pre-<u>Booker</u> mandatory regime, and the plain error standard has not been satisfied. See <u>United States v. Mares</u>, __ F.3d __, No. 03-21035, 2005 WL 503715 at *8-9 (5th Cir. Mar. 4, 2005).

AFFIRMED.